UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SELENA THOMPSON, JON M. STEWART, CHRISTINE OST, and JACOB MANNING, on behalf of themselves and all other employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JIMMY JOHN'S FRANCHISE, LLC, JIMMY JOHN'S ENTERPRISES, LLC, JIMMY JOHN'S, LLC, SPIN THE PLANET, INC., STP JJ TEAM 1, LLC, d/b/a SPIN THE PLANET ENTERPRISES, d/b/a JIMMY JOHN'S, WTE, INC., and DANIEL VANSTEENBURG,<br><br>Defendants. | NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 BY DEFENDANTS SPIN THE PLANET, INC.; STP JJ TEAM 1, LLC, d/b/a SPIN THE PLANET ENTERPRISES, d/b/a JIMMY JOHN'S; WTE, INC.; and DANIEL VANSTEENBURG<br><br>(Removed from Monroe County Supreme Court, Index No. 18/04138)<br><br>Civil No.: _____ |

Defendants Spin the Planet, Inc., STP JJ Team 1, LLC, d/b/a Spin the Planet Enterprises, d/b/a Jimmy John's, WTE, Inc., and Daniel Vansteenburg (collectively, the "STP Defendants") hereby remove this action to the United States District Court for the Western District of New York pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, through the undersigned counsel, as follows:

**I.   STATEMENT OF FACTS**

1. On or about June 4, 2018, named plaintiffs Selena Thompson, Jon M. Stewart, Christine Ost and Jacob Manning commenced a putative class action in the New York State Supreme Court, County of Monroe (Index No. 18/04138) on behalf of themselves and "similarly situated current and former delivery drivers" allegedly employed by the named defendants in New York

1

and Massachusetts.[1]  Plaintiffs seek injunctive relief, damages in the amount of allegedly unpaid gratuities, liquidated damages under New York law, treble damages under Massachusetts law, attorneys' fees, costs, and service payments for the named plaintiffs.

2.     The Complaint was served upon the STP Defendants on September 18, 2018.  An index of all documents served in the State court action is attached hereto as **Exhibit A** pursuant to Local Rule 81(a)(3)(A).  Copies of all documents served upon the STP Defendants in the State court action are attached hereto as **Exhibit B** pursuant to Local Rule 81(a)(3)(B).

3.     Upon information and belief, named plaintiffs Selena Thompson and Jon M. Stewart reside in Monroe County, New York.

4.     Upon information and belief, named plaintiff Christine Ost resides in Massachusetts.

5.     Defendant STP JJ Team 1, LLC is a Minnesota limited liability company with its principal office in Oakdale, Minnesota.  Defendants Spin the Planet, Inc. and WTE, Inc. are Minnesota corporations with principal offices in Oakdale, Minnesota.  Defendant Daniel Vansteenburg is an individual resident of the State of Minnesota.

**II.    BASIS FOR REMOVAL**

    A.    <u>This Court Has Original Jurisdiction Over This Action Under 28 U.S.C. § 1332(d).</u>

5.     Upon information and belief, named plaintiffs Selena Thompson and Jon M. Stewart are citizens of New York.

6.     Defendants Spin the Planet, Inc., STP JJ Team 1, LLC and WTE, Inc. are citizens of Minnesota.

---

[1] Plaintiffs filed a more fulsome version of this complaint in the New York State Supreme Court on October 5, 2017, which was removed to this Court on March 1, 2018.  *See* 6:18-cv-06181, ECF No. 1.  Plaintiffs voluntarily dismissed that complaint under Fed. R. Civ. P. 41(a)(1)(A)(i) on May 3, 2018.  *See* docket 6:18-cv-06181, ECF No. 21. This complaint features the same plaintiffs and defendants, and a subset of the original allegations.  While Jacob Manning remains named in the caption of the summons, the STP Defendants believe this may be in error, as there are no allegations in the current complaint relating to this individual.

7.    The requisite minimum diversity of citizenship for removal is present because at least the named plaintiffs Selena Thompson and Jon M. Stewart are citizens of a "State different from any defendant" as specified by 28 U.S.C. § 1332(d)(2)(A).

8.    The putative class includes an aggregate of more than 100 members. At the Jimmy John's franchise locations at issue, the STP Defendants have employed in excess of 100 delivery drivers during the applicable limitations periods.

9.    Specifically, plaintiffs' proposed class consists of two subclasses:

   (a)    <u>New York Illegal Retention of Gratuities Subclass</u>: All persons who worked as delivery drivers [for Defendants] in New York, who, at any time six years prior to the filing of this action through the entry of final judgment in this matter, did not receive the collected gratuity automatically added on to customers' delivery bills.

   (b)    <u>Massachusetts Illegal Retention of Gratuities Subclass</u>: All persons who worked as delivery drivers [for Defendants] in Massachusetts, who, at any time three years prior to the filing of this action through the entry of final judgment in this matter, did not receive the collected gratuity automatically added on to customers' delivery bills.

10.    The Complaint seeks damages for allegedly unpaid gratuities. The STP Defendants dispute that plaintiffs are entitled to any damages and reserve the right to challenge plaintiffs' claims and the calculation of damages in all respects. For purposes of removal only, upon information and belief, the purported value of damages in this action exceeds $5 million, exclusive of interest and costs, which is the minimum threshold required by 28 U.S.C. § 1332(d)(2).

11.     Plaintiffs seek, *inter alia*, damages on their unpaid gratuities claims, liquidated damages under New York law, treble damages under Massachusetts law, and attorneys' fees.  It is plausible that the aggregate damages at issue in this action exceed the $5 million minimum threshold.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

12.     As reflected in the Consent to Removal attached hereto as **Exhibit C,** Jimmy John's Franchise, LLC, Jimmy John's Enterprises, LLC, and Jimmy John's LLC, each of which are unincorporated associations pursuant to 28 U.S.C. § 1332(d)(10), organized under the laws of Delaware and with their principal place of business in Illinois, consent to removal of this action to this Court.  Jimmy John's Franchise, LLC, Jimmy John's Enterprises, LLC, and Jimmy John's LLC consent without waiving, and specifically reserving, all defenses, objections, exceptions and motions, pertaining to the claims at issue in this lawsuit, including but not limited to lack of service, improper service and lack of personal jurisdiction.

        B.     <u>This Notice Of Removal Is Timely Under 28 U.S.C. § 1446(b)(1).</u>

13.     A notice of removal must be filed within 30 days after the defendant receives a copy of the complaint for relief. 28 U.S.C. § 1446(b)(1).

14.     The STP Defendants received service of the plaintiffs' Complaint on September 18, 2018.  This Notice of Removal is being filed within 30 days of September 18, 2018 and is therefore timely under 28 U.S.C. § 1446(b)(1).

        C.     <u>Venue Is Proper In The Western District Of New York.</u>

15.     Under 28 U.S.C. § 1441, a state court action may be removed to the district court for the district in which the state court action is pending. 28 U.S.C. § 1441(a).

16.     Plaintiffs filed their Complaint in the Supreme Court of Monroe County, New York.

17. The Western District of New York includes Monroe County. 28 U.S.C. §112(d).

18. Therefore, venue in this Court is proper.

    D.    <u>This Notice of Removal. Complies With All Applicable Procedural Requirements</u>

19. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon plaintiffs, by and through their attorney of record, and is being filed with the Clerk of the Court of the New York State Supreme Court, County of Monroe, Monroe County Clerk's Office.

WHEREFORE, the STP Defendants respectfully request that this Court take jurisdiction of this matter and that that filing of this Notice of Removal effectuate removal.

Dated: Minneapolis, Minnesota
       October 18, 2018

    Respectfully submitted,

    FREDRIKSON & BYRON P.A.

    /s/ __Mary Fee_____
    Mary Fee
    mfee@fredlaw.com
    Joseph Sokolowski (motion for *pro hac vice* to be filed)
    jsokolowski@fredlaw.com
    200 South Sixth Street, Suite 4000
    Minneapolis, MN  55402
    612-492-7000 (office)
    612-492-7077 (fax)

    Attorneys for Defendants
    SPIN THE PLANET, INC., STP JJ TEAM 1, LLC, d/b/a
    SPIN THE PLANET ENTERPRISES, d/b/a JIMMY
    JOHN'S, WTE, INC., and DANIEL VANSTEENBURG,

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon counsel of record pursuant to L.R. 81(a)(4) this 18th day of October, 2018.

      /s/ Mary Fee
    Counsel for Defendants