UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SELENA THOMPSON, JON M. STEWART,
CHRISTINE OST, and JACOB MANNING,
on behalf of themselves and all other
employees similarly situated,

                    Plaintiffs,

      v.

JIMMY JOHN'S FRANCHISE, LLC,
JIMMY JOHN'S ENTERPRISES, LLC,
JIMMY JOHN'S, LLC, SPIN THE PLANET,
INC., STP JJ TEAM 1, LLC, d/b/a SPIN THE
PLANET ENTERPRISES, d/b/a JIMMY
JOHN'S, WTE, INC., and DANIEL
VANSTEENBURG,

                 Defendants.

Case File No.  18-cv-06755

---

**MEMORANDUM OF LAW IN SUPPORT OF THE STP DEFENDANTS' MOTION FOR STAY CONDITIONED ON PAYMENT OF COSTS**

**PRELIMINARY STATEMENT**

Defendants Spin the Planet, Inc., STP JJ Team 1, LLC d/b/a Spin the Planet Enterprises, d/b/a Jimmy John's ("STP"), WTE, Inc. ("WTE") and Daniel Vansteenburg (collectively the "STP Defendants"), respectfully submit this memorandum of law in support of their motion to stay all proceedings in this action pursuant to Federal Rule of Civil Procedure 41(d), unless and until named Plaintiffs Selena Thompson, Jon M. Stewart, Christine Ost, and Jacob Manning[1]

---

[1] To the extent he remains a named plaintiff in this action.

(collectively, "Plaintiffs") reimburse the STP Defendants for their reasonable costs incurred in defending the prior action.

## FACTUAL BACKGROUND

On or about October 5, 2017, named plaintiffs Selena Thompson, Jon M. Stewart, Christine Ost and Jacob Manning commenced a putative class action (the "First Complaint") in the New York State Supreme Court, County of Monroe (Index No. 17/10083) on behalf of themselves and "similarly situated current and former delivery drivers" allegedly employed by Jimmy John's Franchise, LLC, Jimmy John's Enterprises, LLC, Jimmy John's, LLC, Spin The Planet, Inc., STP JJ Team 1, LLC, d/b/a Spin The Planet Enterprises, d/b/a Jimmy John's, WTE, Inc., and Daniel Vansteenburg.  *See* ECF 6:18-cv-06181 Doc. 1-2.  In the First Complaint, Plaintiffs brought claims for illegal retention of gratuities under New York, Massachusetts, and Minnesota law, and sought damages including injunctive relief, damages in the amount of unpaid gratuities, treble damages and liquidated damages, attorney's fees, costs, and service payments for the named plaintiffs.  *See id.*  Additionally, Plaintiffs First Complaint included claims for allegedly underpaid wages in New York, Massachusetts, and Minnesota.  *See id.*

The STP Defendants were served with the First Complaint on February 1 and 2, 2018. *See* ECF 6:18-cv-06181 Doc. 16-1.  On or about February 21, 2018, Plaintiffs filed a motion in state court seeking class certification.  On or about March 2, the STP Defendants, joined by the remaining defendants, timely removed the case to this Court.  *See* ECF 6:18-cv-06181 Doc. 1. Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6), and 28 U.S.C. § 1631 and 28 U.S.C. § 1404, the STP Defendants filed a motion to dismiss and to transfer venue to the United States District Court for the District of Minnesota on March 22, 2018.  *See* ECF 6:18-cv-06181 Docs. 16-17.  This Court set a briefing schedule for the motion; however, in lieu filing an opposition, Plaintiffs voluntarily dismissed the case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) on May 3,

2018.  *See* ECF 6:18-cv-06181 Docs. 19-21.  The STP Defendants incurred significant legal fees in researching and analyzing the First Complaint and the reasons for and against removal, and in researching and drafting their Motion to Dismiss and Transfer Venue.[2]

On or about June 4, 2018, one month after the dismissal, named plaintiffs Selena Thompson, Jon M. Stewart, Christine Ost and Jacob Manning again commenced a putative class action (the "Second Complaint") in the New York State Supreme Court, County of Monroe (Index No. 18/4138) on behalf of themselves and "similarly situated current and former delivery drivers" allegedly employed by Jimmy John's Franchise, LLC, Jimmy John's Enterprises, LLC, Jimmy John's, LLC, Spin The Planet, Inc., STP JJ Team 1, LLC, D/B/A Spin The Planet Enterprises, D/B/A Jimmy John's, WTE, Inc., and Daniel Vansteenburg – the same plaintiffs and the same defendants.  The STP Defendants were served with the Second Complaint on September 18, 2018, and removed the case to this Court on October 17, 2018.  *See* ECF 6:18-cv-06755 Doc. 1.  The Second Complaint contains a subset of the same allegations claimed in the First Complaint, and contains no new material allegations or claims.[3]  Plaintiffs did, however, delete a number of claims and allegations – the Second Complaint does not include any claims under Minnesota law, nor the original minimum wage claims.

## ARGUMENT

"The purpose of Rule 41(d) is to serve as a deterrent to forum shopping and vexatious litigation."  *Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13, 23 (2d Cir. 2018) (citing

---

[2] Upon request, the STP Defendants will provide affidavits and records to support their claim for fees.

[3] Plaintiffs have clarified several paragraphs to correct deficiencies noted by the STP Defendants in their first Motion to Dismiss by adding in Defendant Spin the Planet's name; Plaintiffs additionally added the allegation that "Daniel Vansteenberg provided an introductory statement in the employee handbook."  *See* ECF 6:18-cv-06755 Doc. 2-1, ¶65.

*Andrews v. America's Living Ctrs., LLC,* 827 F.3d 306, 309 (4th Cir. 2016)).  The text of the rule provides that: "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied."  Fed.R.Civ.P. 41(d).  The Second Circuit has recently confirmed that such costs include attorneys' fees.  *Horowitz*, 888 F.3d at 24.  While there is no requirement that a defendant show bad faith on the part of the Plaintiffs, the Court may consider Plaintiffs' motives in dismissing the initial action.  S*ee Loubier v. Modern Acoustics, Inc.*, 178 F.R.D. 17, 22 (D. Conn. 1998).

First, there can be no real dispute that the baseline elements for 41(d) are met.  Plaintiffs filed the First Complaint against the Defendants, containing claims for unpaid wages and gratuities in three states.  Plaintiffs dismissed the suit in lieu of responding to a Motion to Dismiss and Transfer Venue.  One month later, the same Plaintiffs refiled the suit, minus a few of their claims, against the same Defendants, back in state court where they had originally filed.

Second, in considering whether to award costs and attorney's fees, the Court should consider that Plaintiffs' actions seem to be a blatant attempt to avoid federal jurisdiction under the Class Action Fairness Act ("CAFA") 28 U.S.C. § 1332.  The federal courts, including this Circuit, are cognizant of the fact that putative class-action plaintiffs often attempt to avoid federal jurisdiction.  *See, e.g., F5 Capital v. Pappas*, 856 F.3d 61, 81 (2d Cir.), cert. denied, 138 S. Ct. 473 (2017) (citing with approval various authority noting that "CAFA was clearly designed to prevent plaintiffs from artificially structuring their suits to avoid federal jurisdiction" and that "CAFA was necessary because the previous law enabled lawyers to game the procedural rules and keep nationwide or multi-state class actions in state court").   Indeed, once a Plaintiff's

right to dismiss under Rule 41(a)(1)(A)(i) has passed, courts are wary of CAFA plaintiffs' attempts to get out of federal court.  *See, e.g.*, *In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 101 (2d Cir. 2015) (noting that in a CAFA case removed from state court, where plaintiff subsequently amended the complaint to drop class action allegations, "removal cases raise forum-manipulation concerns that simply do not exist when it is the plaintiff who chooses a federal forum and then pleads away jurisdiction through amendment" and affirming the district court's maintaining jurisdiction) (citing *Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007)); *see also Romano v. Northrop Grumman Corp.*, No. CV 16-5760(DRH), 2017 WL 6459458, at *4 (E.D.N.Y. Dec. 15, 2017) (reviewing a case where the "district court abused discretion in granting plaintiff's motion to voluntarily dismiss putative [CAFA] class action without considering whether the motion was improper forum-shopping; district court could have concluded it was such an attempt as plaintiff's expressed intent was to amend his complaint in order to avoid federal jurisdiction") (citing *Thatcher v. Hanover Ins. Group, Inc.,* 659 F.3d 1212, 1215 (8th Cir. 2001)).

Here, it is difficult to formulate a rationale for the dismissal and immediate refiling of a stripped down complaint other than to avoid federal jurisdiction.  Faced with responding to a Motion to Dismiss and Transfer Venue, Plaintiffs instead chose to dismiss the case, as was their right under Rule 41(a)(1)(A)(i).  They excised a number of claims from their complaint, presumably in order to better avoid federal jurisdiction under CAFA.  Then, without making any material additions, Plaintiffs re-filed in state court almost exactly one month after their dismissal from federal court.  Such dismissal and refiling is exactly the forum-shopping Rule 41(d) guards against.  *Phillips v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:05 CV 1959 AHN, 2006 WL 6589918, at *6 (D. Conn. July 26, 2006) ("The forum-shopping that Rule 41(d) is intended

to guard against occurs when a plaintiff voluntarily dismisses the initial suit and refiles the same action in another court, forcing the defendant to incur further costs, because the plaintiff believes he may capture more favorable law in the second venue than the first"); *see also Blauinsel Stiftung v. Sumitomo Corp.*, No. 99 CIV 1108 (BSJ), 2001 WL 1602118, at *9 (S.D.N.Y. Dec. 14, 2001) ("The intended purpose of Rule 41(d)—namely, to deter forum shopping and vexatious litigation is particularly applicable here given that Plaintiff's admitted purpose in voluntarily dismissing the suit was to avoid this court's July 9 and July 12 Orders") (internal quotation and citation omitted).   Plaintiffs' actions are thus the "precise type of litigation tactic that Rule 41(d) is meant to deter." *Horowitz*, 888 F.3d at 23.  As such, this Court should award fees and costs incurred in defending the First Complaint, and should stay the present action pending payment by Plaintiffs.

## **CONCLUSION**

For the reasons stated above, the STP Defendants respectfully request that the Court grant their Motion for costs and fees under Rule 41(d), and that the Court stay the present action unless and until Plaintiffs have made such reimbursement.

Dated:  December 3, 2018

/s *Joseph Sokolowski*
Mary Fee
Joseph Sokolowski *pro hac vice*
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Telephone:  612.492.7000

*Attorneys for STP Defendants*

6

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2018, I caused the attached document to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

J. Nelson Thomas, Esq.
nthomas@theemploymentattorneys.com
Michael J. Lingle, Esq.
mlingle@theemploymentattorneys.com
Annette Gifford
agifford@theemploymentattorneys.com
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540

Gerald L. Maatman, Jr.
gmaatman@seyfarth.com
Matthew Gagnon
mgagnon@seyfarth.com
233 South Wacker Drive
Suite 8000
Chicago, IL 60606-6448
312-460-5237 (office)
312-460-7237 (fax)

Dated:  December 3, 2018                    *s/ Mary L. Fee*
                                            Mary L. Fee