UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SELENA THOMPSON, et al.,

        PLAINTIFFS,                      DECISION AND ORDER

VS.                                                    18-CV-6755 CJS

SPIN THE PLANET, INC., et al.,

        DEFENDANTS.

_____

## APPEARANCES

| | |
|---|---|
| For Plaintiffs: | Annette M. Gifford, Esq.<br>J. Nelson Thomas, Esq.<br>Jessica Lynn Lukasiewicz, Esq.<br>Michael J. Lingle, Esq.<br>Thomas & Solomon LLP<br>693 East Avenue<br>Rochester, NY 14607<br>(585) 272-0540 |
| For Defendants: | Joseph M. Sokolowski, Esq.<br>Mary L. Fee, Esq.<br>Fredrikson & Byron, P.A.<br>200 South Sixth Street<br>Suite 4000<br>Minneapolis, MN 55402<br>(612) 492-7000 |

## INTRODUCTION

**Siragusa, J.** Plaintiffs filed a class action lawsuit alleging violations of New York and Massachusetts labor laws in New York State Supreme Court against Defendants, who then removed the action to this Court. The matter is before the Court on the following motions: Defendants' motion to dismiss, both filed on December 3, 2018, ECF No. 12 and motion to

stay the action conditioned on payment of costs on a prior action, ECF No. 14; Plaintiffs' motion for an extension of time to file an amended complaint as a matter of course, filed on December 21, 2018, ECF No. 17; and Plaintiffs' First Motion to Amend filed on February 1, 2019, ECF No. 20. For the reasons below, the claims arising out of Defendants' conduct in Massachusetts are dismissed for lack of personal jurisdiction, Defendants' motion to stay this matter pending payment of costs in an earlier matter is granted, and Plaintiff's motions to amend are held in abeyance pending the lifting of the stay.

## BACKGROUND

Plaintiffs filed this putative class action in New York State Supreme Court in Monroe County on June 4, 2018, and served on Defendants on September 18, 2018. Notice of Removal ¶¶ 1–2, Oct. 18, 2018, ECF No. 1. Defendants removed the case to this Court on October 18, 2018, asserting diversity jurisdiction under 28 U.S.C. § 1332.

The complaint "seeks to recover damages in the form of unpaid wages and pay as well as injunctive relief and declaratory relief on behalf of the Named Plaintiffs and similarly situated delivery drivers who work or have worked for Defendants in New York and Massachusetts." Compl. ¶ 1, Oct. 18, 2018, ECF No. 2-1. Plaintiffs claim that Defendants illegally retained mandatory delivery charges collected from customers in violation of the laws of both states.

Defendants' move, ECF No. 12, to dismiss, or in the alternative, transfer the complaint to the District of Minnesota pursuant to Federal Rule of Civil Procedure 12(b)(2), 12(b)(6), and 28 U.S.C. § 1631. Among other arguments, Defendants claim they are not subject to jurisdiction in New York.

Defendants also move, ECF No. 14, to stay the proceedings pending Plaintiffs' payment of costs for their earlier, unsuccessful lawsuit, pursuant to Federal Rule of Civil

2

Procedure 41(d). Plaintiffs brought the lawsuit alleging similar claims, then dismissed it prior to recommencing this lawsuit.

Following Defendants' filing of their motions, Plaintiffs moved, ECF No. 17, for an extension of the deadline to file a motion to amend "as of right" pursuant to Federal Rule of Civil Procedure 15(a), and to respond to Defendants' pending motion to dismiss.

## ANALYSIS

Before addressing either the motion to dismiss for failure to state a claim, or the motion to extend the time to file an amended complaint, the Court must first assure itself that it has jurisdiction over the parties.

### *Personal jurisdiction is lacking for the Massachusetts claims*

If the Court lacks personal jurisdiction, it is "powerless to proceed to an adjudication." *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382, 57 S. Ct. 273, 277, 81 L. Ed. 289 (1937). Defendants argue that the Court does not have personal jurisdiction over them to adjudicate claims arising under Massachusetts law for events that presumably took place in Massachusetts.

To establish personal jurisdiction over a defendant, "due process requires a plaintiff to allege (1) that a defendant has 'certain minimum contacts' with the relevant forum, and (2) that the exercise of jurisdiction is reasonable in the circumstances." *O'Neill v. Asat Tr. Reg. (In re Terrorist Attacks on September 11, 2001 (Asat Tr. Reg.))*, 714 F.3d 659, 673 (2d Cir. 2013). A defendant's conduct and connection with the forum state should allow it to reasonably anticipate it could be haled into court there. *Id*. (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

In assessing whether a defendant has the necessary minimum contacts with the forum state, the Court must make a distinction between specific and general personal jurisdiction. *Id*.

> "Specific [personal] jurisdiction exists when 'a [forum] exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum'; a court's general jurisdiction, on the other hand, is based on the defendant's general business contacts with the forum…and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts." The existence of either specific personal jurisdiction or general personal jurisdiction satisfies the "minimum" contacts requirement of the Due Process Clause.

*Id.* at 674 (citations omitted). Looking at the New York statute regarding personal jurisdiction, N.Y. C.P.L.R. § 302. Section 302 provides that personal jurisdiction in the state is established when the defendant (1) transacts business in New York, and (2) the asserted claim arises from that business activity. *Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 168 (2d Cir. 2013) (quoting *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006)). Defendants concede they are transacting business in New York, but the complaint does not allege that the Massachusetts claims arise from Defendants' New York business activity. Thus, they argue, the complaint does not establish any basis for specific jurisdiction over claims arising from activities in Massachusetts and ask the Court to dismiss those claims, or, in the alternative, transfer this case to Defendants' home state, Minnesota.

Paragraphs 17, 18, 70, and 72 of the complaint allude to activities in Massachusetts. Paragraphs 78 through 80 discuss relevant Massachusetts law, and paragraph 90(b) describes the Massachusetts subclass for purposes of Federal Rule of Civil Procedure 23. The Second Cause of Action described in paragraphs 106–11 raises claims under Massachusetts law. The Court agrees that the complaint does not establish a basis for specific personal jurisdiction for the claims arising from activities in Massachusetts under Massachusetts law.

The Court has specific personal jurisdiction over the New York activities allegedly in violation of New York law. The Court sees no reason at present to consider the alternative relief sought by Defendants.

*hMotion for a Stay*

Defendants have also moved to stay this case pending Plaintiffs' payment of the costs from the prior case, also against the same defendants. Federal Rule 41(d), reads in pertinent part as follows:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). Defendants accurately describe the history of the prior case, No. 18-CV-6181, in their December 3, 2018, memorandum in support of the motion for a stay, ECF No. 15, at 2–3. The purpose of the Rule is to deter forum shopping and vexatious litigation. *See Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13, 23 (2d Cir. 2018) (citing *Andrews v. America's Living Ctrs., LLC*, 827 F.3d 306, 309 (4th Cir. 2016) ("[T]he purpose of Rule 41(d) is to serve as a deterrent to forum shopping and vexatious litigation." internal quotation marks omitted)).

Plaintiffs argue that Defendants have conceded that the two litigations vary from one another. Pl.s' Reply Mem. of Law 3, Jan. 4, 2019, ECF No. 19. However, Plaintiffs do not argue that the present litigation is not based on or raising the same claims as in the prior litigation. The complaint filed in case number 18-CV-6181, originally filed on October 5, 2017, in New York Supreme Court in Monroe County, and removed to this Court on March 1, 2018, ECF No.

1-2, involved plaintiffs Selena Thompson, Jon M. Stewart, Christine Ost and Jacob Manning, as class representatives, suing Jimmy John's Frahcnise, LLC, Jimmy John's Enterprises, LLC, Jimmy John's LLC, Spin the Planet, Inc., STP JJ Team 1, LLC, doing business as Spin the Planet Enterprises, doing business as Jimmy John's, WTE, Inc. and Daniel Vansteenburg. In the present suit, all the plaintiffs are the same, as well as defendants Spin the Planet, Inc., STP JJ Team 1, LLC, doing business as Spin the Planet Enterprises, doing business as Jimmy John's, WTE, Inc., and Daniel Vansteenburg. The claim in the earlier lawsuit, No. 18-CV-6181, is that the defendants were not paying drivers for the companies the mandatory minimum wage required because the defendants were not reimbursing drivers for the use of their vehicles. Further, the prior action included a claim that the defendants were illegally retaining mandatory delivery charges collected from customers in violation of New York, Massachusetts, and Minnesota laws. Thus, the Court concludes that the instant action is based on the same operative claims as the prior action. Accordingly, the Court will stay this action pending submission of proof that the costs of the prior action have been paid, or until March 31, 2019, at which time Defendants may renew their motion for a further stay.

## CONCLUSION

Defendants' motion to dismiss, filed on December 3, 2018, ECF No. 12, is granted in part, in that all claims based on actions arising from Defendants' activities in Massachusetts are dismissed without prejudice due to lack of personal jurisdiction. Defendants' motion to stay the action conditioned on payment of costs on a prior action, ECF No. 14, is granted, and this matter is stayed pending the filing of proof of payment of the costs in case number 18-CV-6181, or until March 31, 2019, at which time Defendants may renew their motion for a further stay if necessary. Plaintiffs' motion for an extension of time to file an amended complaint as a matter of course, docketed on December 21, 2018, ECF No. 17, and First

Motion to Amend, filed on February 1, 2019, ECF No. 20, are held in abeyance pending the lifting of the stay.

DATED: February 11, 2019
         Rochester, New York

                                              <u>/s/ Charles J. Siragusa</u>
                                              CHARLES J. SIRAGUSA
                                              United States District Judge